IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KHALIL BROWN,

    **Petitioner,**

v.                                CIVIL ACTION No. 1:17CV64
                                    CRIMINAL ACTION No. 1:14CR89-4
                                          (Judge Keeley)

UNITED STATES OF AMERICA,

    **Respondent.**

**MEMORANDUM OPINION AND ORDER DENYING AS UNTIMELY PETITIONER'S § 2255 MOTION [DKT. NO. 1] AND DISMISSING THE CASE WITH PREJUDICE**

Pending before the Court is the pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Dkt. No. 1)[1] filed by the petitioner, Khalil Brown ("Brown"). For the reasons that follow, the Court concludes that Brown's motion is untimely under 28 U.S.C. § 2255(f). Accordingly, the Court **DENIES** the motion (Dkt. No. 1), and **DISMISSES** this case **WITH PREJUDICE**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On April 24, 2017, Brown filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Dkt. No. 1). Following a preliminary review of Brown's § 2255 motion under Rule 4 of the Rules Governing Section 2255 Proceedings, the Court concluded that Brown's motion may be untimely. The Court, therefore, issued a notice pursuant to Hill v. Braxton, 277 F.3d

---

[1] All docket numbers, unless otherwise noted, refer to Civil Action No. 1:17CV64.

**MEMORANDUM OPINION AND ORDER DENYING AS UNTIMELY PETITIONER'S
§ 2255 MOTION [DKT. NO. 1] AND DISMISSING THE CASE WITH PREJUDICE**

701, 707 (4th Cir. 2002) ("Notice"), notifying Brown that his case may be untimely and warning him that his motion would be dismissed unless he could demonstrate, within thirty (30) days, that the applicable statute of limitations does not bar his claims (Dkt. No. 13). Despite his receipt of the Notice on June 11, 2019 (Dkt. No. 14), Brown filed no response.

## II. ONE-YEAR LIMITATION PERIOD

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for filing a habeas petition under § 2255. Under the AEDPA, the limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by the governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). In the Fourth Circuit, when a § 2255

BROWN V. USA                                                    1:17CV64
                                                                1:14CR89-4

**MEMORANDUM OPINION AND ORDER DENYING AS UNTIMELY PETITIONER'S § 2255 MOTION [DKT. NO. 1] AND DISMISSING THE CASE WITH PREJUDICE**

motion appears untimely and the Government has not filed a motion to dismiss based on the one-year statute of limitations, courts must warn petitioners that the case is subject to dismissal absent a sufficient explanation. See <u>United States v. Sosa</u>, 364 F.3d 507 (4th Cir. 2004); <u>Hill v. Braxton</u>, 277 F.3d 701, 707 (4th Cir. 2002).

### III. ANALYSIS

On October 14, 2015, Brown pleaded guilty in this Court to one count of distribution of heroin within 1,000 feet of a protected location, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 860 (Case No. 1:14CR89, Dkt. No. 600). The Court entered a judgment on February 24, 2016 (Case No. 1:14CR89, Dkt. No. 698), which Brown did not appeal.

The Federal Rules of Appellate Procedure require that "a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of either the judgment or the order being appealed." Fed. R. App. P. 4(b)(1)(A). A criminal conviction becomes final at the end of the appellate process: when the time for a direct appeal expires and the defendant has not noticed an appeal. <u>United States v. Oliver</u>, 878 F.3d 120, 125 (4th Cir. 2017). Therefore, Brown's conviction became final fourteen

## MEMORANDUM OPINION AND ORDER DENYING AS UNTIMELY PETITIONER'S § 2255 MOTION [DKT. NO. 1] AND DISMISSING THE CASE WITH PREJUDICE

(14) days after the entry of the Court's judgment, on March 9, 2016. Fed. R. App. P. 4(b)(1)(A)(i).

Pursuant to 28 U.S.C. § 2255(f)(1), Brown had to file his § 2255 motion by March 9, 2017, one year after his conviction became final on March 9, 2016. Brown, however, did not file his motion until April 24, 2017, more than one year after the statute-of-limitations deadline (Dkt. No. 1). In addition, although Brown generally asserts that he "just became aware" of the government's alleged "breaches" of his plea agreement, id. at 14, he neither provides evidence of any newly discovered facts that would support the claims presented in his motion, nor identifies the date on which such facts could have been discovered through the exercise of due diligence. § 2255(f)(4). Brown also has failed to present any evidence establishing his entitlement to equitable tolling. Tellingly, even a cursory review of Brown's motion reveals that the facts supporting his claims, which relate to the government's sentencing recommendations for acceptance of responsibility and a low-end guideline sentence,[2] would have been

---

[2] Further, and despite Brown's assertion to the contrary, the government's attorney recommended a three-level reduction for acceptance of responsibility, which the Court granted. See Dkt. No. 7-4 at 6. And, although the government's attorney ultimately recommended a low-end guideline sentence pursuant to the terms of

4

**BROWN V. USA**                                             1:17CV64
                                                             1:14CR89-4

**MEMORANDUM OPINION AND ORDER DENYING AS UNTIMELY PETITIONER'S
§ 2255 MOTION [DKT. NO. 1] AND DISMISSING THE CASE WITH PREJUDICE**

known to him at the time of his sentencing hearing, in February 2016. See id. at 5-7.

## IV. CONCLUSION

Accordingly, despite adequate notice from the Court, Brown has failed to show that he is entitled to equitable tolling or that his motion is otherwise timely under the AEDPA. The Court therefore **DENIES** Brown's § 2255 motion as untimely (Dkt. No. 1), and **DISMISSES** this case **WITH PREJUDICE**.

It is so **ORDERED**.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court **DECLINES** to issue a certificate of appealability as Brown has not made a substantial showing of a denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong).

The Court **DIRECTS** the Clerk to enter a separate judgment order

---

Brown's plea agreement, she indicated that such a sentence was "greater than necessary" in Brown's case and that she did not object to his request for a variant sentence. Id. at 12-13; 17.

**MEMORANDUM OPINION AND ORDER DENYING AS UNTIMELY PETITIONER'S
§ 2255 MOTION [DKT. NO. 1] AND DISMISSING THE CASE WITH PREJUDICE**

and to transmit copies of each order to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

DATED: July 31, 2019

>                    /s/ Irene M. Keeley
>                    IRENE M. KEELEY
>                    UNITED STATES DISTRICT JUDGE